IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **THERESE STEWART**,<br><br>    Plaintiff,<br><br>v.<br><br>**CENTENE CORPORATION**,<br><br>    Defendant. | Case No. 3:19-cv-1281-SI<br><br>**OPINION AND ORDER** |

Craig A. Crispin and Ashley A. Marton, CRISPIN EMPLOYMENT LAWYERS, 1834 SW 58th Avenue, Suite 200, Portland, OR 97221. Of Attorneys for Plaintiff.

David P.R. Symes and Heather N. St. Clair, LITTLER MENDELSON PC, 121 SW Morrison Street, Suite 900, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

    Plaintiff Therese Stewart brings this disability discrimination and retaliation action against her former employer, Defendant Centene Corporation. Plaintiff asserts claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA"), and Oregon's parallel statute, Or. Rev. Stat. §§ 659A.030-659A.199. Defendant moves to dismiss Ms. Stewart's disability discrimination claims for failure to state a claim. Because the First Amended Complaint ("FAC") adequately states a claim, the motion is **DENIED**.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

Plaintiff Therese Stewart alleges that she is disabled. Specifically, she alleges that she suffers "from one or more physical impairments, which substantially affect one or more major life activities." FAC at ¶ 31. She states that her impairments "substantially affect one or more major bodily functions." *Id.* Additionally, she alleges that Defendant Centene Corporation regarded her as disabled and possessed records of her impairment. *Id.* at ¶¶ 33, 34.

Ms. Stewart worked for Defendant Centene Corporation from September 2017 to May 2018, first as a supervisor in the Utilization Management Department. FAC ¶¶ 10, 11. In late 2017, Centene merged with another company and Ms. Stewart received additional responsibilities for which, she alleges, she was not trained. *Id.* at ¶ 12. She began to have trouble managing her disabilities at this point. *Id.* at ¶ 13. Eventually she needed medical intervention. *Id.* She notified Centene's Human Resources ("HR") Department of her troubles and requested the following as reasonable accommodations: more frequent bathroom breaks and reduced responsibilities. *Id.* at ¶ 14. Centene's HR Department ignored her at first, but eventually granted her some additional bathroom breaks as an accommodation. *Id.* at ¶ 15. Two months later, Plaintiff informed HR that the chaotic work environment continued negatively to affect her disabilities. *Id.* at ¶ 16.

As a result of these continuing difficulties, Centene moved Ms. Stewart to the new role of Concurrent Review Nurse I (CCRNI). *Id.* at ¶ 17. Ms. Stewart's supervisor put her on a Performance Improvement Plan (PIP) shortly after she started her new position. *Id.* at ¶ 19. Again, Ms. Steward informed HR that the PIP would worsen her disabilities. *Id.* at ¶ 20. She also requested additional accommodations and permission for leave to attend disability-related

PAGE 3 – OPINION AND ORDER

doctor's appointments. *Id.* Defendant ignored her complaints, refused to provide her with additional accommodations, and ultimately fired her in May 2018. *Id.* at ¶ 22.

## DISCUSSION

Ms. Stewart brings several claims for relief. Defendant challenges only her First Claim for Relief, which alleges disability discrimination under the ADA and Oregon employment discrimination law. The state and federal counts of disability discrimination incorporate the same factual allegations. The Oregon employment discrimination statute is construed "consistent with any similar provisions of the federal Americans with Disabilities Act." Or. Rev. Stat. § 659A.139(1). The Court therefore considers both claims together. Defendant argues that Ms. Stewart's First Claim for Relief is deficient only in one way—it fails to make a prima facie case of disability discrimination because it does not establish that Ms. Stewart is disabled, as defined by the ADA.

The Court must resolve the narrow question of whether Ms. Stewart has pleaded that she is disabled for ADA purposes. A "disability" is defined by the ADA as "a physical or mental impairment that substantially limits one or more major life activities . . . a record of such an impairment . . . or . . . being regarded as having such an impairment." 42 U.S.C. §§ 12102(1)(A)-(C). Ms. Stewart analogizes her case to *Wessels v. Moore Excavation, Inc.*, 2014 WL 6750350 (D. Or. Dec. 1, 2014), and argues that she has met her pleading burden. Defendant analogizes this case to this Court's decision in *Garcia v. Durham & Bates Agencies, Inc.*, 2014 WL 3746521 (D. Or. Jul. 29, 2014), and argues that she has not. The Court agrees with Ms. Stewart that her complaint is more like the one that Judge Hernandez considered in *Wessels* than the one that this Court considered in *Garcia*.

Ms. Stewart pleads that her disability is a physical one. In *Wessels*, Judge Hernandez found that it was significant that the plaintiff alleged that he had a physical condition. *See*

PAGE 4 – OPINION AND ORDER

*Wessels*, 2014 WL6750350, at *4. The plaintiff in *Garcia* did not specify whether she suffered from a physical or mental condition, which was one factor in this Court's decision to dismiss her claim. *See Garcia*, 2014 WL3746521, at *3.

Even if *Garcia* were more persuasive on this issue, however, Defendant's motion to dismiss would still fail. Ms. Stewart separately alleges both a record of her disability and that Defendant perceived her as an individual with a disability. She asked Defendant's HR Department for reasonable accommodation in the form of more frequent bathroom breaks and a reduction in her supervisor responsibilities in January 2017. Indeed, Defendant granted her one or two additional bathroom breaks in response. Defendant also later permitted Ms. Stewart to switch to a new position with fewer responsibilities. Ms. Stewart requested reasonable accommodations, and Defendant in fact partially responded to her request. She later requested leave to attend disability-related doctor's appointments. This sequence of events allows an inference, when construed in the light most favorable to Ms. Stewart, that Defendant had a record of Ms. Stewart's disability and that Defendant regarded her as an individual with a disability. *See Jones v. HCA*, F. Supp. 3d 622, 627 (E.D. Va. 2014) (finding that allegations that plaintiff requested an accommodation and sought leave allowed the court to infer that defendant had notice of plaintiff's condition). Plaintiff's allegations "plausibly suggest" that there was a record of her disability and that Defendant regarded her as a person with a disability. *Starr*, 652 F.3d at 1216. Thus, Ms. Stewart has adequately pleaded that she is disabled.

## CONCLUSION

Defendant Centene Corporation's motion to dismiss (ECF 6) is **DENIED**.

**IT IS SO ORDERED**.

DATED this 30th day of January, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
